Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAOLA PAZYMINO,<br>*on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING LLC,<br><br>Defendant. | Civil Action No. 2:16-cv-09547-JMV-MF<br><br><br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiff, Paola Pazymino, individually and on behalf of all others similarly situated, by way of First Amended Class Action Complaint against Defendant, Midland Funding LLC, states:

### I.   NATURE OF THE ACTION

1.   This class action for damages arises from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction to entertain this matter.

3.   Venue was removed in this action by Defendant from the Superior Court of New Jersey, Bergen County, to the District of New Jersey, Newark Vicinage.

### III. PARTIES

4. Plaintiff, Paola Pazymino ("Plaintiff" or "Pazymino"), is a natural person residing in Bergen County, New Jersey.

5. Defendant, Midland Funding LLC ("Midland"), is a foreign limited liability company, with its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108, engaged in the purchase and collection of defaulted consumer debt.

### IV. FACTS

**A. Background**

6. Defendant is not in the business of extending credit, selling goods or services to consumers.

7. Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

8. Defendant is in the business of collecting debts or alleged debts of natural persons owed to another which arise from transactions which are primarily for personal, family, or household purposes.

9. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

10. Defendant is a collection agency.

11. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation to Credit One Bank, N.A. ("Debt" or "Account").

12. The Debt is alleged to arise from one or more transactions.

13. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

14. The debts alleged to be owed by the Plaintiff and those similarly situated were incurred for personal, family or household purposes.

15. At some point after Plaintiff's alleged default, the original creditor of the Account determined that the debt was uncollectable, and therefore decided to "charge-off" the debt.

16. Creditors charge-off debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records.[1] These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

17. Sometime after the original creditor charged-off the Account, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendant for collection.

18. The Account was past due and in default at the time it was placed with or assigned to Defendant for collection.

19. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

B. **False Threat of Attorney's Fees**

20. On November 20, 2015, Midland instituted a collection lawsuit ("Collection Lawsuit"), in an attempt to collect the Debt, by filing a complaint ("Collection Complaint") in the Superior Court of New Jersey, Law Division, Special Civil Part, Bergen County.[2]

---

[1] By charging off the Account, the Debt had been in default for a period of approximately 180 days. *See* Uniform Retail Credit Classification and Account Management Policy, 65 Fed. Reg. 36903 (June 12, 2000); *see also* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days.").
[2] The Collection Lawsuit is styled *Midland Funding LLC v. Pazymino*, BER-DC-16410-15 (N.J.

21. A true but redacted copy of the within Collection Complaint is attached as ***Exhibit A***.

22. On information and belief, the Collection Complaint is a mass-produced, computer-generated, form complaint that is prepared by the Defendant and filed against consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

23. Plaintiff incorporates and adopts by reference the entire record in the Collection Lawsuit.

24. In its Collection Complaint, Midland demanded attorney's fees when it is not entitled to the same by law or by contract.

25. Midland is neither permitted by law or by contract to attorney's fees from Pazymino.

26. Midland implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by itself and other employees and agents of Midland complained of herein.

27. At all times relevant hereto, Midland was engaged in conduct that was part of a scheme or business of making or threatening illegal attorney's fees from Plaintiff and other New Jersey consumers.

28. In fact, when Midland moved to enter default judgment ("Motion"), Midland requested default judgment in the amount of $549.81.

29. A true but redacted copy of the within Motion filed in the Collection Lawsuit is attached as ***Exhibit B***.

---

Super. Ct.).

30. In fact, the Computer Generated Report of Financial Information annexed to Midland's Motion, it states "Other Charges (Collection / Attorney Fees)" as "$0.00."

31. Plaintiff believed, as would the least sophisticated consumer, they would be responsible to pay enormous amount of attorney's fees.

32. Plaintiff is informed, and believes, and therefore alleges Defendant's collection complaints that unlawfully demand attorney's fees, are designed to drive least sophisticated consumers, as well as Plaintiff, to make payments without contesting the lawsuit due to the fear of attorney's fees.

33. Demanding attorney's fees is a misrepresentation that has the capacity to influence and was intended to influence the least sophisticated consumer's, as well as Plaintiff's, course of action. The false threat of attorney's fees alone is undoubtedly a factor in the least sophisticated consumer's, as well as Plaintiff's, decision-making process, and is intended to lead to a decision to pay a debt that he would have preferred to contest.

34. The inclusion of a demand of attorney's fees in Midland's collection complaint is intended to falsely convey that Midland is legally and/or contractually permitted to charge and collect attorney's fees when in fact attorney's fees is neither authorized by contract nor permitted by law.

35. The inclusion of a demand of attorney's fees in Midland's collection complaint is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that not paying immediate and contesting the lawsuit can cause the balance to be assessed significant attorney's fees, and therefore increase, when in fact such attorney's fees is neither authorized by contract nor permitted by law.

36. The representation on the Collection Complaint is materially false, deceptive, and misleading in that, *inter alia*, it falsely states that Midland is legally and/or contractually allowed to charge attorney's fees.

37. Midland intended that the materially false statement contained on its Collection Complaint would cause Plaintiff and the least sophisticated consumers fear that they would be charged attorney's fees if they contested the lawsuit.

38. Unlawful attorney's fees constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt.

39. Unlawful attorney's fees constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by New Jersey law.

40. Midland's demand of attorney's fees is false, deceptive, and misleading in that Midland does not incur attorney's fees when filing collection lawsuits by their in-house attorneys.

41. Midland's demand of attorney's fees is false, deceptive, and misleading in that Plaintiff understood it to mean, as would the least sophisticated consumer, that Midland is legally entitled to charge or collect attorney's fee when, in fact, it is not legally or contractually entitled to do so.

C. **Disclosure of Personal Identifying Information**

42. Within the Collection Complaint, Defendant filed the last four digits of Plaintiff's social security number, which is now a permanent public record, available for anyone to access.

43. The Collection Complaint also includes other unnecessary personal information, such as Plaintiff's full date of birth and phone number.

44. The last four digits of Plaintiff's social security number contained in the Collection Complaint and exposed to the public by Defendant is personal identifying and sensitive information.

45. New Jersey Court Rule 1:38-7(a), (b) specifically prohibits the filing of "Confidential Personal Identifiers" which includes social security numbers.

46. In fact, Defendant's in-house counsel certified in its Collection Complaint, that "confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b). I understand that if any of the foregoing statements made by me are willfully false I am subject to punishment."

47. Contrary to the certification, Defendant failed to redact confidential personal identifiers in the Collection Complaint in accordance with New Jersey Court Rule 1:38-7(b).

48. In fact, Defendant failed to redact confidential personal identifiers in future submissions with the court as evidenced by the Motion.

49. Within the Motion, Defendant again filed the last four digits of Plaintiff's social security number, which is now a permanent public record, available for anyone to access.

50. The last four digits of Plaintiff's social security number contained in the Collection Complaint and the Motion, and exposed to the public by Defendant is personal identifying and sensitive information, and its disclosure has caused harm to Plaintiff.

51. Social security numbers exposed to the public by Defendant are personal identifying and sensitive information, and its disclosure has the potential to cause harm to the consumer.

52. Defendant could have easily taken measures to prevent the information, i.e., the last four digits of the social security number, from being made a permanent public record but chose to file it anyway, contrary to New Jersey Court Rules and its own certification.

53. Defendant has intentionally availed Plaintiff's personal identifying and sensitive information to the public.

### V. POLICIES AND PROCEDURES COMPLAINED OF

54. It is the policy and practice of Defendant to threaten to assess attorney's fees not permitted by law or contract, as described above, in an attempt to collect consumer debts; which is unfair, unconscionable, false, deceptive, misleading, in violation of the FDCPA.

55. It is the policy and practice of Defendant to expose personal identifying and sensitive information to the public, in an attempt to collect consumer debts, which is in violation of the FDCPA.

56. Defendant used the same procedures described above in their attempts to collect debts from numerous other New Jersey consumers.

### VI. CLASS ACTION ALLEGATIONS

57. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a two classes initially defined as follows:

> **First Class**: All natural persons with an address within in the State of New Jersey, against whom, from November 20, 2015 through the final resolution of this case, Defendant filed one or more complaint(s) in the Superior Court of New Jersey, which demanded attorneys' fees.

>**Second Class**: All natural persons with an address within in the State of New Jersey, against whom, from November 20, 2015 through the final resolution of this case, Defendant filed one or more document(s) in the Superior Court of New Jersey, which revealed personal identifying information or "Confidential Personal Identifiers" as defined by New Jersey Court Rule 1:38-7(a), including but not limited to partial social security numbers.

59. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

60. The classes for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

61. There are questions of law and fact common to the members of the classes that predominate over questions affecting only individuals.

62. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the classes and will foster economies of time, effort and expense.

63. Plaintiff's claims are typical of the claims of the members of the classes.

64. The questions of law and/or fact common to the members of the classes predominate over any questions affecting only individual members.

65. Plaintiff does not have interests antagonistic to those of the classes.

66. The classes, of which Plaintiff is a member, is readily identifiable.

67. Plaintiff will fairly and adequately protect the interests of the classes, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of

experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

68. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

69. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VII. COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

70. Plaintiff, on behalf of herself and other similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

71. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

72. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

73. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and interpretations thereof.

74. The Collection Complaint, the Motion, and documents filed by Defendant in the Superior Court of New Jersey are "communications" pursuant to 15 U.S.C. § 1692a(2).

75. The Collection Complaint, the Motion, and documents was filed by Defendant in the Superior Court of New Jersey against Plaintiff and numerous other New Jersey consumers in attempts to collect the debts.

76. By filing the Collection Complaint, the Motion and other documents in the Superior Court of New Jersey, and against Plaintiff and those similarly situated, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violated of 15 U.S.C. § 1692d;

   b. Defendant made false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

   c. Defendant made false representations of the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A);

   d. Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

   e. Defendant used false representations or deceptive means to collect or attempt to collection a debt, in violation of 15 U.S.C. § 1692e(10).

   f. Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

   g. Defendant attempted to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

77. The violations of the FDCPA described herein constitute *per se* violations.

78. As a result of any one or more of the above violation of the FDCPA, Defendant is liable to Plaintiff and the putative class for statutory damages, attorney's fees, and costs.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Paola Pazymino, on behalf of herself and others similarly situated, demands judgment against Defendant, Midland Funding LLC, as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the First Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For statutory damages in favor of the Second Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## IX. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except:

- *Naranjo v. Midland Credit Management, Inc., et al.,* 2:15-cv-03297-ES-JAD (D.N.J.)
- *Filgueiras v. Midland Credit Management, Inc., et al.,* 2:16-cv-03037-ES-JAD (D.N.J.)
- *DeCastro v. Midland Funding, LLC,* 2:16-cv-03038-JMV-JBC (D.N.J.)

- *Pazymino v. Midland Credit Management, Inc.*, 2:16-cv-04855-KSH-CLW (D.N.J.)
- *Watkins v. Midland Funding LLC*, 2:17-cv-00029-WHW-CLW (D.N.J.)

                                                          KIM LAW FIRM LLC

                                                         *s/ Yongmoon Kim*
                                                         Yongmoon Kim, Esq.
                                                         *Attorneys for Plaintiff on behalf of herself and those similarly situated*

Dated: January 25, 2017